Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for plaintiff
United Financial Casualty Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United Financial Casualty Company, | Case No. 2:20-cv-9840 |
| Plaintiff, | **Complaint for Declaratory Relief** |
| v. | |
| Jun & Xu Transportation, Inc.; Joe Wang; and Chang Zhen Chen; | **Demand for Jury Trial** |
| Defendants. | |

Plaintiff United Financial Casualty Company ("UFCC") alleges as follows:

### Jurisdiction

1.   Jurisdiction exists under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Venue**

2.   Venue is proper under 28 U.S.C. § 1391 because, for venue purposes, each defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this judicial district.

**Parties**

3.   UFCC is a corporation incorporated under the laws of Ohio. Its principal place of business is in Ohio.

4.   Defendant Jun & Xu Transportation, Inc. is a corporation incorporated under the laws of California. Its principal place of business is in Los Angeles County, California.

5.   Defendant Joe Wang is a natural person. He is a citizen of California. He resides in California.

6.   Defendant Chang Zhen Chen is a natural person. He is a citizen of California. He resides in California.

**General Allegations**

7.   UFCC is an insurance company. On December 23, 2018, UFCC insured Jun & Xu Transportation, Inc. under commercial auto insurance policy no. 07594002-0 (the "UFCC policy").

8.   At the time, Jun & Xu Transportation, Inc. was a motor carrier engaged in interstate trucking activities and registered with the Federal Motor Carrier Safety Administration under DOT no. 2997183. The UFCC policy was issued to meet the needs of this type of business.

9.   Under Part I – Liability to Others, the UFCC policy contained the following insuring agreement:

> **INSURING AGREEMENT - LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the insured auto

involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. ...

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. ...

10.  The UFCC policy, under Part I – Liability to Others, contained the following exclusions:

Coverage under this Part I, including **our** duty to defend, does not apply to:

...

3.  **Worker's Compensation**
    Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

...

5.  **Employee Indemnification and Employer's Liability**
    **Bodily injury** to:

    a.  An employee of any **insured** arising out of or within the course of:

        (i)  That employee's employment by any **insured**; or

        (ii) Performing duties related to the conduct of any **insured's** business; or

    b.  The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.

This exclusion applies:

    a.  Whether the **insured** may be liable as an employer or in any other capacity; and

---

    b.  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

...

6. **Fellow Employee**
**Bodily injury** to:

    a.  a fellow employee of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.

    b.  the spouse, child, parent, brother, or sister of that fellow employee as a consequence of Paragraph a. above.

...

11.  The UFCC policy was endorsed with an MCS-90 endorsement in compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration. The endorsement stated:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically

described in the policy and whether or not such
negligence occurs on any route or in any territory
authorized to be served by the insured or elsewhere.
Such insurance as is afforded, for public liability,
does not apply to injury to or death of the insured's
employees while engaged in the course of their
employment, or property transported by the insured,
designated as cargo. ...

12.  On December 23, 2018, Chang Zhen Chen was one of two
individuals operating a tractor-trailer combo on a cross-country
tandem drive to deliver cargo. Jun & Xu Transportation, Inc.
employed Chang Zhen Chen and Joe Wang to operate the tractor-
trailer combo. The tractor-trailer combo picked up cargo in New
Jersey. The tandem drivers drove the tractor-trailer combo west for
delivery of the cargo at points in California. While operating the
tractor-trailer combo in Texas, the tandem team was involved in an
accident. Chang Zhen Chen, who was in the sleeper bunk at the time
of loss, allegedly sustained injuries as a result of the accident.

13.  Under 49 CFR 390.5, Chang Zhen Chen and Joe Wang were
employees of Jun & Xu Transportation, Inc. at the time of the
accident, even if each and Jun & Xu Transportation, Inc. agreed he
was an independent contractor. The regulation states:

Employee means any individual, other than an
employer, who is employed by an employer and who
in the course of his or her employment directly
affects commercial motor vehicle safety. Such term
includes a driver of a commercial motor vehicle
(including an independent contractor while in the
course of operating a commercial motor vehicle), a
mechanic, and a freight handler. ...

14.  On December 12, 2019, Chang Zhen Chen filed a complaint in
Los Angeles Superior Court asserting causes of action arising out of

the December 23, 2018 accident in Texas (the "state court injury action"). The complaint names as defendants Best Rich, Inc., Jun & Xu Transportation, Inc., Joe Wang, and Does 1 to 100. In the state court injury action, Chang Zhen Chen alleges that Jun & Xu Transportation, Inc. and Joe Wang are each liable for injuries he sustained in the accident.

15.  In the complaint in the state court injury action, Chang Zhen Chen alleges he has sustained over $75,000 in damages as a result of the accident.

16.  UFCC is defending Jun & Xu Transportation, Inc. and Joe Wang against the claims made in the state court injury action under a reservation of rights to deny coverage.

**First Cause of Action**

*(Declaratory Relief on Duty to*
*Indemnify – Against all Defendants)*

17.  UFCC incorporates the allegations in paragraphs 1–16 as though fully set forth within this first cause of action.

18.   An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to indemnify Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident because: Exclusions 3, 5 and 6 in the UFCC policy exclude coverage for injuries to employees and fellow employees, and Joe Wang and Chang Zhen Chen were employees of Jun & Xu Transportation, Inc. On the other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation under the UFCC policy.

19.  A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to indemnify Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident.

### Second Cause of Action

*(Declaratory Relief on Duty to*

*Defend – Against all Defendants)*

20.  UFCC incorporates the allegations in paragraphs 1–16 as though fully set forth within this second cause of action.

21.    An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to defend Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident because: Exclusions 3, 5 and 6 in the UFCC policy exclude coverage for injuries to employees and fellow employees, and Joe Wang and Chang Zhen Chen were employees of Jun & Xu Transportation, Inc. On the other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation under the UFCC policy.

22.  A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to defend Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court

injury action or otherwise arising from the December 23, 2018 accident.

## Third Cause of Action

*(Declaratory Relief on Duty to Pay for Legal Liability under MCS-90 Endorsement – Against all Defendants)*

23.  UFCC incorporates the allegations in paragraphs 1–16 as though fully set forth within this third cause of action.

24.  An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the MCS-90 endorsement to the UFCC policy to pay for any legal liability of Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident because: the MCS-90 endorsement applies only to the motor carrier listed on the endorsement and does not apply to employee injuries, Joe Wang is not listed as the motor carrier, and Chang Zhen Chen was an employee of Jun & Xu Transportation, Inc. On the other hand, each defendant contends that UFCC does have such an obligation under the MCS-90 endorsement to the UFCC policy.

25.  A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the MCS-90 endorsement to the UFCC policy, specifically, for a declaration that UFCC has no obligation under the MCS-90 endorsement to the UFCC policy to pay for any legal liability of Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident.

**Prayer**

Wherefore, UFCC prays for judgment as follows:

1.    For a judicial declaration that UFCC has no obligation under the UFCC policy to indemnify Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident;

2.    For a judicial declaration that UFCC has no obligation under the UFCC policy to defend Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident;

3.    For a judicial declaration that UFCC has no obligation under the MCS-90 endorsement to the UFCC policy to pay for any legal liability of Jun & Xu Transportation, Inc. or Joe Wang against the claims in the state court injury action or otherwise arising from the December 23, 2018 accident;

4.    For costs of suit incurred herein; and

5.    For such further relief the court deems just and proper.


October 27, 2020            PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff United
Financial Casualty Company

1

## Demand for Trial by Jury

2    UFCC demands a jury trial on all issues in this action.

3

4    October 27, 2020                    PATRICK HOWE LAW, APC

5                                        By: */s/ Patrick M. Howe*
6                                        Patrick M. Howe
                                         Attorney for plaintiff United
7                                        Financial Casualty Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28